**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **SOLOMON STALLINGS,** ) | **CASE NO. 5:03CV1907** |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| **DAVID BOBBY, WARDEN,**[1] ) | |
| ) | |
| Respondent. ) | |
| ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |

This matter is before the Court upon a mandate from the United States Court of Appeals for the Sixth Circuit. (Dkt. # 30). Also before the Court is Petitioner, Solomon Stallings', "Motion for Release on Personal Recognizance and to Expedite Ruling" (Dkt. # 32) and Respondent, David Bobby's, "Opposition to Motion for Release on Personal Recognizance." (Dkt. # 33).

**FACTS AND ANALYSIS**

On September 10, 2003, Petitioner, Solomon Stallings, ("Petitioner") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his criminal conviction. (Dkt. # 1). Petitioner raised the following

---

[1] The acting Warden at Petitioner's place of confinement, Belmont Correctional Institution, is now Michelle Eberlin.

ground for relief in his federal habeas petition:

> GROUND FOR RELIEF NO. 1: MR. STALLINGS WAS DENIED THE RIGHT TO DUE PROCESS OF LAW AND THE RIGHT TO CONFRONT ADVERSE WITNESSES IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES [sic] WHEN THE TRIAL COURT ADMITTED HEARSAY EVIDENCE IN SUPPORT OF CONVICTION.

(Dkt. # 1).  Petitioner argued that his right of confrontation was violated when the trial court admitted the testimony of Officer Simcox, which involved out-of-court statements made by an acquaintance of Petitioner's, Alexander Quarterman, ("Quarterman").  In addition, Petitioner asserted that his right of confrontation was violated when the trial court admitted Quarterman's written statement.  (Dkt. # 1).

This matter was referred to Magistrate Judge George J. Limbert for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and L.R. 72.1.  (Dkt. # 6). On March 18, 2004, Respondent, David Bobby, Warden, ("Respondent"), filed his return of writ.  (Dkt. # 12).  Petitioner filed his traverse to Respondent's return of writ on May 10, 2004.  (Dkt. # 15).  On May 14, 2004, Respondent filed a reply to Petitioner's traverse.  (Dkt. # 16).

On July 28, 2004 Magistrate Judge Limbert filed a report recommending that Petitioner's application for habeas corpus be denied.  (Dkt. # 20).  On August 11, 2004, Petitioner filed objections to this recommendation.  (Dkt. # 21).  The Court adopted Magistrate Judge Limbert's report and recommendation on October 19, 2004.  (Dkt. #s 24, 25).  Petitioner filed his Notice of Appeal to the United States District Court for the

Sixth Circuit on November 15, 2004. (Dkt. # 26). The Sixth Circuit held that the admission of the hearsay statement by Quarterman violated Petitioner's Fifth, Sixth, and Fourteenth Amendment rights to the United States Constitution by serving "as necessary corroboration in the mind of the fact-finder." (Dkt. # 29). The Sixth Circuit reversed this Court's decision denying habeas relief and instructed this Court to issue a writ of habeas corpus, conditioned upon the state's failure to retry the defendant within a reasonable amount of time to be determined by this Court. (Dkt. # 29).

The Court of Appeals issued an order instructing this Court to: (1) act expeditiously on Petitioner's request for release, and (2) order Respondent to retry Petitioner within a reasonable amount of time.

In anticipation of this mandate from the Court of Appeals, Petitioner also filed a "Motion for Release on Personal Recognizance and to Expedite Ruling" on November 28, 2006. (Dkt. # 32). In the motion, Petitioner argues that he "should be released on his personal recognizance without surety pending the outcome of this case." (Dkt. # 32) (emphasis removed). He contends that "[g]iven the strength of [his] constitutional claim, the fleeting opportunity to grant meaningful relief, and the low risk of flight, Fed. R. App. P. 23(c) permits this Court to release [Petitioner] on personal recognizance, with or without surety." (Dkt. # 32).

Federal Rule of Appellate Procedure 23(c) provides, in pertinent part:

Release Pending Review of Decision Ordering Release. (c) While a decision ordering the release of a prisoner is under review, the prisoner must–unless the court or judge rendering the decision, or the court of appeals, or the Supreme

>Court, or a judge or justice of either court orders otherwise–be released on personal recognizance, with or without surety.

Fed. R. App. P. 23(c). The Court finds Rule 23 inapplicable because an appeal is not currently pending. However, the Court, exercising its "broad discretion in conditioning a judgment granting habeas relief," Hilton v. Braunskill, 481 U.S. 770, 775 (1987), orders that Petitioner be released on his own recognizance pending further action by the state court. See 28 U.S.C. § 2243 (requiring a court to "dispose of [a habeas] matter as law and justice require."). The Court finds the request reasonable for the reasons set forth in Petitioner's motion that have not been challenged by Respondent.

## CONCLUSION

As such, in accordance with the Sixth Circuit's decision dated October 4, 2006, the Court hereby grants Petitioner a conditional writ of habeas corpus. The Respondent shall retry the Petitioner within **90 days** from the date of this Order or dismiss the case. Furthermore, Petitioner's motion for release on personal recognizance is **GRANTED**. (Dkt. # 32).

**IT IS SO ORDERED**.

>**/s/Peter C. Economus-December 5, 2006**
>**PETER C. ECONOMUS**
>**UNITED STATES DISTRICT JUDGE**